# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1999

FILED

May 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JONATHAN STEPHENSON, | ) | C.C.A. NO. 03C01-9807-CR-00255 |
| | ) | |
| Appellant, | ) | |
| | ) | JOHNSON COUNTY |
| V. | ) | |
| | ) | |
| HOWARD CARLTON, WARDEN, | ) | HON. LYNN W. BROWN, JUDGE |
| and STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

JONATHAN STEPHENSON, *pro se*          JOHN KNOX WALKUP
Northeast Correction Complex #140145   Attorney General & Reporter
P.O. Box 5000
Mountain City, TN  37683               ELLEN H. POLLACK
                                       Assistant Attorney General
                                       2nd Floor, Cordell Hull Building
                                       425 Fifth Avenue North
                                       Nashville, TN  37243

                                       JOE C. CRUMLEY, JR.
                                       District Attorney General
                                       114 Alf Taylor Road
                                       Johnson City, TN  37601

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Jonathan Stephenson, appeals from the dismissal of his petition for habeas corpus relief. Petitioner was tried and convicted in 1990 for conspiracy to commit first degree murder and for the first degree murder of his wife. He was originally sentenced to death. Petitioner's convictions were affirmed on appeal, but the death sentence was reversed and the case was remanded to the trial court for resentencing. State v. Stephenson, 878 S.W.2d 530 (Tenn. 1994). On October 6, 1994, Petitioner was resentenced to life without parole for the first degree murder conviction and to sixty (60) years for conspiracy to commit the murder. While Petitioner did file a petition for post-conviction relief, he later requested it be dismissed. In this petition for habeas corpus relief filed in 1998, Petitioner raises the following issues:

> 1) The trial court erred in failing to suppress the confession taken from Petitioner in that it was taken involuntarily and in violation of both the Tennessee and United States' constitutions;
>
> 2) The trial court erred in failing to dismiss indictments which were multiplicitous;
>
> 3) The trial court erred in failing to order discovery of the notes of investigators of the State;
>
> 4) The trial court erred in ordering counsel for Petitioner at trial to give memos from his file over to the State as Jencks material;
>
> 5) The trial court erred in failing to order the State to disclose whether they intended to try Petitioner as a principal or accessory;
>
> 6) The trial court erred in failing to order a mistrial after improper and prejudicial opening argument by the State prosecutor;
>
> 7) The trial court erred during preliminary charges when it referred to quotes from the Bible;
>
> 8) The trial court erred in calling jurors back in after the verdict had been rendered for questioning regarding the verdict;

9) The trial court erred in failing to charge the jury on all lesser included offenses;

10) The trial court erred in allowing a State's witness to quote from and refer to the written statement of Petitioner's co-defendant, Ralph Thompson, without allowing cross-examination by the Petitioner;

11) Petitioner did not receive the effective assistance of counsel;

12) The trial court violated the Petitioner's due process rights by sentencing Petitioner in excess of the order on remand by the Tennessee Supreme Court;

13) The prosecutor allowed the alleged victim's family to set Petitioner's punishment by which Petitioner would receive on a plea bargain;

14) The court erred in knowingly, willfully and with careless disregard allowing the State's witness to perjure himself; and

15) The trial court permitted testimony that the Petitioner took and clearly stated that he failed a lie detector test to be presented as evidence to the jury.

In an order, the trial court dismissed the petition on grounds that none of the above issues were "grounds for habeas corpus relief." We affirm the judgment of the trial court.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and scope. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). Habeas corpus relief is available only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that the convicting court was without jurisdiction or authority to sentence a defendant, or that the defendant's sentence had expired. Archer, 851 S.W.2d at 164. A petitioner bears the burden of establishing that by a preponderance of the evidence the judgment he attacks is void or that the term of imprisonment has expired. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not void, but is merely voidable, such judgment may

-3-

not be collaterally attacked in a suit for habeas corpus relief. Id. The Petitioner's pleading in the case sub judice fails to make allegations either regarding a lack of jurisdiction by the Cocke County Criminal Court or that his sentence has expired.

As the State correctly notes within its brief to this court, this habeas corpus petition may not be considered by this court as a post-conviction petition under Tennessee Code Annotated section 40-30-205(c). A post-conviction petition may not be used to relitigate issues which have previously been determined on appeal. Tenn. Code Ann. § 40-30-206(h). Petitioner himself concedes that the majority of his issues have previously been considered on appeal. In addition, the applicable statute of limitations would bar consideration of the pleading as a petition for post-conviction relief.

Petitioner's convictions were affirmed on May 9, 1994, and the rehearing denied on June 20, 1994. He was resentenced by the trial court on October 6, 1994. There is nothing in the record to indicate that Petitioner appealed his resentencing. This petition was filed approximately four (4) years past the Supreme Court's decision to affirm his conviction and reverse his death sentence and the trial court's resentencing of the Petitioner. The Post-Conviction Procedure Act of 1995 stated that a petition for post-conviction relief must have been filed "within one (1) year of the date of the final action of the highest appellate court to which an appeal is taken, or if no appeal is taken within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a). As Petitioner would have had three (3) years under the prior Post-Conviction Procedure Act during which to file his post-conviction petition (Tennessee Code Annotated section 40-30-102 (Repealed May 10, 1995)), he had one (1) year

-4-

from May 10, 1995, to file a claim under the new provisions of section 40-30-202. Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997). The available time period allowed to Petitioner to file his petition had long since expired when he filed his petition for habeas corpus relief.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
L. T. LAFFERTY, Senior Judge